**Lawrence E. WILSON, Warden, Appellant,**

v.

**Willie WADE, Jr., Appellee.**

**No. 22040.**

United States Court of Appeals
Ninth Circuit.

March 11, 1968.

Rehearing Denied May 3, 1968.

---

Thomas Lynch, Atty. Gen., Derald E. Granberg, Karl S. Mayer, Deputy Attys. Gen., San Francisco, Cal., for appellant.

Willie Wade, Jr., in pro. per.

Before POPE, DUNIWAY and CARTER, Circuit Judges.

POPE, Circuit Judge.

The appellee Wade is a California state prisoner who in November, 1960, was found guilty of murder in the first degree and was sentenced to life imprisonment. He appealed his sentence to the District Court of Appeal where his conviction was affirmed on April 17, 1961. In May, 1966, he made an application to the same District Court of Appeal which he describes as one "for the issuance of records". On July 21, 1966, he filed in the State Supreme Court a petition for writ of habeas corpus. His application in the District Court of Appeal, he says, was denied without filing and his petition for habeas corpus in the State Supreme Court was denied without opinion. Thereafter and on February 16. 1967, he filed in the court below a petition for writ of habeas corpus. In that petition he stated that the ground for it was "that I am being denied due process and equal protection of the law by the State of California by the illegal retrainment [sic] of my trial records." It was shown that at all times here mentioned he was indigent and without funds or means of paying for the copying of the transcript of the proceedings at his trial and he was permitted to file his action in forma pauperis.

It appears that when Wade took his original appeal from his conviction he was represented by appointed counsel. At that time one Pollard was a co-defendant and a copy of the transcript was allegedly furnished to Pollard. California Rules of Court, (35(c), 10(c)), provide that. every person convicted of crime is entitled to a free transcript of the proceedings for purposes of appeal. It is provided that where two or more defendants are convicted in the same case and the judgment of death is not rendered, one free copy is made available to the defendants to share.

The court below granted Wade's petition for a writ of habeas corpus and in doing so recited the circumstances relating to the availability of a transcript at the time of the appeal and since then, as follows: "It appears that petitioner's attorney used the original transcript borrowed temporarily from the court to prepare his brief, but that petitioner did not receive a copy of the transcript. Petitioner's co-defendant, one Joe Lewis Pollard, allegedly received a copy of the transcript and still has it in his possession. Petitioner apparently does not have access to Pollard's copy of the transcript, and he further alleges that there is presently a conflict of interest between them."

There is no doubt but that an indigent state prisoner is entitled to a free transcript for use in an appeal from his state conviction where that is needed and that he has a like right to a free transcript in order to prosecute a claim for post conviction relief where that is essential in order to permit him to demonstrate his right to such relief. See the cases cited in Roberts v. La Vallee, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41. But the question here is whether Wade has presented any grounds for post conviction relief, the prosecution of which might require him to have the use of a trial transcript.

This court dealt with this situation in McGarry v. Fogliani, 9 Cir., 370 F.2d 42, 44, where we said respecting that

appellant: "He makes no showing whatever that any prejudicial errors occurred that would have called for a reversal of his conviction. There is nothing in the claim that the sentencing judge refused to allow an appeal from the conviction before appellant was sentenced. The right to appeal attached when appellant was sentenced. Nor is the court required to order a copy of appellant's trial transcript merely to enable appellant to 'comb the record in the hope of discovering some flaw.'"

In the case before us the trial court failed to find that Wade was claiming that there was any error which occurred in the proceedings which led to his conviction which would warrant the granting of post-conviction relief.

██ So far as the district court's findings are concerned, our holding in McGarry v. Fogliani, supra, would require us to say that Wade was not entitled to demand a transcript merely to enable him to comb the record in the hope of discovering some flaw.[1] The judgment must be reversed.[2]

It is so ordered.

1. Such authority as is available is in accord with what was stated in McGarry, see footnote 7, where the court cites United States v. Glass, 4th Cir., 317 F.2d 200, 202. Although the language there is in accord with the McGarry decision, under the circumstances of that case it may be dictum. Two other cases suggest the same rule: Ketcherside v. United States, 6 Cir., 317 F.2d 807, 808, and Taylor v. United States, 9 Cir., 238 F.2d 409, 411, although both these two cases were primarily concerned with a construction of a federal statute relating to providing a transcript at government expense.

2. Wade not only completed a commonly used prepared form of petition for habeas corpus, but he added to it a typewritten petition for the writ stating in general the same matters we have previously mentioned with an additional recital. After describing his sentence and life imprisonment, he continued: "Thereafter petitioner appealed to the district court of appeal of the State of California, Second Appellate District, in case No. 7496. The Appellate Court affirmed the conviction of the Superior Court of Los

Angeles County, on August 17, 1961, and relieved the court appointed counsel on his own request." The last quoted paragraph would suggest to us that the circumstances under which his court appointed counsel was relieved of representation of Wade may well have been contrary to the rules laid down in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

The quoted allegation is wholly insufficient to demonstrate that Wade had been deprived of the rights which were recognized in the Anders case; but the petition would be susceptible to amendment were he given an opportunity to amend. However, a careful examination of the record discloses that he has never made any such point in his petitions in the state courts. In short, he had not exhausted his remedies available in the state courts as required by Title 28 § 2254. We assume that if it is possible to make a case under the rule of Anders v. California, supra, nothing would prevent him from making such a claim hereafter for this judgment is not res judicata. Fay v. Noia, 372 U.S. 391, 423, 83 S.Ct. 822, 9 L.Ed.2d 837.