**William J. HOOVER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Clifford C. NORRIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 19896–19897.**

United States Court of Appeals Sixth Circuit.

Sept. 30, 1969.

Joe Darden, Memphis, Tenn., for appellants.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

ORDER

Petitioners Hoover and Norris, on the 25th of September, 1967, after a full hearing plead guilty to a charge of breaking and entering a federal post office and passing counterfeit money in violation of 18 U.S.C. §§ 2115 and 2. The sentences of each of them were to run on their concurrent convictions for nine years. No appeals were taken on any of the four separate convictions.

In June, 1969, motions were filed by Petitioners in the United States District Court for the Western District of Tennessee in forma pauperis seeking trial and hearing transcripts in order to frame a motion to vacate sentence under 28 U.S.C. § 2255. The District Court denied motions to allow a transcript at Government expense for the reason there

was no proceeding pending before the Court.

In these actions Petitioners are appealing the denial of their motions for a transcript to aid them in preparing a motion under 28 U.S.C. § 2255. They allege that (1) they will file a motion under 28 U.S.C. § 2255 although one is not now pending, (2) they believe there have been specific substantive violations of their rights and (3) they require their transcripts to better frame a § 2255 motion.

In general, a federal prisoner is not entitled under 28 U.S.C. §§ 753(f) and 1915 to obtain such a transcript at government expense for the purpose of preparing a case pursuant to 28 U.S.C. § 2255. Ketcherside v. United States, 317 F.2d 807 (6th Cir. 1963); Dorsey v. United States, 333 F.2d 1015 (6th Cir. 1964). However, where the petitioner seeking a transcript has stated the reasons why he believes his conviction is contrary to law and a transcript is indispensable to the filing of a motion, then it may be granted at the government's expense. See United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); United States v. Glass, 317 F.2d 200 (4th Cir. 1963). Neither specific grounds of relief nor indispensability of the transcript is alleged here.

Finally, it should be noted that the present actions are dissimilar to Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969). In that case, petitioner sought transcripts for a habeas corpus proceeding in which he alleged they were necessary for an "effective presentation" as contemplated by a state statute requiring a statement of all prior proceedings, orders and appeals. Furthermore, while the habeas corpus proceeding for which the petitioner sought to prepare was *de novo,* it was the equivalent of an appeal from a prior denial of habeas corpus under state statutory procedures and thus there was the equivalence of a proceeding or appeal actually pending unlike the present cases in which Petitioners only contemplate a future appeal.

It is ordered that the judgment of the District Court be and hereby is affirmed.