**Leroy CARPENTER, Plaintiff,**

**v.**

**Woodson OLDHAM, Judge, Division II of the Twenty-Ninth Judicial Circuit of the State of Missouri, Defendant.**

No. 2173.

United States District Court, W. D. Missouri, W. D.

June 30, 1970.

---

22. See footnote 16 in *Wyandotte.*

Leroy Carpenter, pro se.

John H. Flanigan, McReynolds, Flanigan & Flanigan, Carthage, Mo., for defendant.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT AND AGAINST THE PLAINTIFF

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon defendant's motion for summary judgment filed pursuant to Rule 56, F.R.Civ.P. Plaintiff has submitted no response to this motion, nor has he filed an opposing affidavit traversing that of the defendant.

This is an action under 42 U.S.C. §§ 1981 and 1983 (The Civil Rights Act) seeking the recovery of damages from The Honorable Woodson Oldham, Judge, Twenty-Ninth Judicial Circuit of the State of Missouri (Jasper County) for an alleged violation of plaintiff's federally protected constitutional rights. Plaintiff seeks damages in the amount of $1,000 punitive damages and $75,000 actual damages. Additionally, plaintiff seeks the production of certain criminal records of the Circuit Court of Jasper County, Missouri.

As grounds for recovery in this case, plaintiff alleges that he filed a "Motion for Production and Inspection of Recorded Instruments" in the Circuit Court of Jasper County, Missouri; that such motion was made so that he could obtain without cost certain documents relating to his criminal convictions in that court; that he desired to obtain such documents for the purpose of filing a post-conviction motion under Missouri Supreme Court Rule 27.26, V.A.M.R.; and that his motion was denied by the defendant, Judge Woodson Oldham.

In support of the present motion for summary judgment, defendant states the following: (1) that the Circuit Court of Jasper County is a court of general jurisdiction under the Constitution and laws of the State of Missouri; (2) that in ruling the motion described in plaintiff's complaint, defendant was acting in his judicial capacity; and (3) that the defendant is therefore protected under the doctrine of judicial immunity. As

provided by Rule 56(e), defendant has accompanied his motion with a supporting affidavit setting forth the factual basis for his motion.

 Under the doctrine of judicial immunity, a judge acting in his judicial capacity, is immune from suit under 42 U.S.C. §§ 1981 and 1983 for acts performed in that capacity. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967); Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Rhodes v. Houston, 202 F.Supp. 624 (D. Neb.1962), affirmed 309 F.2d 959 (8th Cir. 1962), cert. den. 372 U.S. 909, 83 S. Ct. 724, 9 L.Ed.2d 719 (1962), cert. den. 383 U.S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311 (1965); Miller v. Reddin, 293 F. Supp. 216 (D.Cal.1968); Stambler v. Dillon, 288 F.Supp. 646 (D.N.Y.1968). And, from the affirmative allegations contained in plaintiff's complaint and in defendant's affidavit, it is conclusively established that, at the time of the occurence alleged in plaintiff's complaint, defendant was acting entirely within his judicial capacity and within the scope of his judicial jurisdiction.[1] Therefore the record in this case affirmatively shows

that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

Accordingly, the Court hereby grants summary judgment in favor of the defendant and against the plaintiff.

It is so ordered.

---

[1]. In denying plaintiff's motion in the Circuit Court of Jasper County, Judge Oldham cited the case of State v. Keeble, 427 S.W.2d 404 (Mo.1968). In that case, the Supreme Court of Missouri considered the rights of a petitioner in a Rule 27.26 postconviction proceeding to obtain without cost the records and transcript of his original criminal proceedings where no appeal had been taken from that original proceeding. The apparent effect of that decision was to afford a petitioner those documents where, in the discretion of the trial judge, such records are necessary under the allegations set forth in the Rule 27.26 motion. In reaching that ruling, the Supreme Court of Missouri stated:

"If an indigent defendant files a motion under Rule 27.26 alleging sufficient facts to entitle him to an evidentiary hearing, and a consideration of a part or all of the original trial transcript is necessary to a determination of the question or questions raised, then a partial or complete transcript should be ordered."

Under the facts alleged by the plaintiff in this action, plaintiff did not have any proceedings pending in the Circuit Court of Jasper County which would necessitate a production of his records. Therefore, it would appear that plaintiff, at a later date, might obtain the records he desires where such records are necessary under the facts alleged in a Rule 27.26 motion. Thus, avenues remain open to the plaintiff in the state courts by which he may obtain the records identified in his complaint. Furthermore, as to the records plaintiff desires, upon the proper showing of exhaustion of state remedies, a petition for writ of federal habeas corpus would appear to be the appropriate remedy for presenting these issues in this Court, rather than a civil action for damages under the provisions of 42 U.S.C. § 1983. However, in any event, under the circumstances presented herein, plaintiff has not shown that, at the present time, he is entitled to the documents in question. See: Wade v. Wilson, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470 (1969).