George **SCHAFFER,** Petitioner,

v.

Harold R. **SWENSON,** Respondent.

No. **70 C 280(1).**

United States District Court,
E. D. Missouri, E. D.

Sept. 30, 1970.

---

**52**

George Schaffer, pro se.

John C. Danforth, Atty. Gen. State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Petitioner, a prisoner confined in the Missouri State Penitentiary at Jefferson City, Missouri, filed a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri under 28 U.S.C.A. § 2254. That court granted the petitioner leave to proceed in forma pauperis and transferred the case to this court pursuant to 28 U.S.C.A. § 2241(b). This court then issued a show cause order and the State has responded.

Schaffer was convicted in 1960 of forcible rape and was sentenced under the Missouri Second Offender Act to imprisonment for ninety-nine years. This conviction was affirmed by the Missouri Supreme Court in State v. Schaffer, 354 S.W.2d 829 (1962). In 1964 the Missouri Supreme Court affirmed the decision of the trial court in denying Schaffer's motion to set aside the judgment and sentence under Missouri Supreme Court Rule 27.26, V.A.M.R. in State v. Schaffer, 383 S.W.2d 698 (1964). However, the Missouri Supreme Court set aside its 1962 decision affirming the Schaffer conviction on the basis that Schaffer was not represented by counsel on appeal, and ordered the case reinstated on the docket for hearing. In addition, the court granted leave to file another motion to vacate judgment under Missouri Supreme Court Rule 27.26. An evidentiary hearing was held on the 27.26 motion, and in 1968 the trial court overruled the motion. Schaffer appealed therefrom, and that appeal was consolidated with the reinstated direct appeal from the original conviction. Both appeals were affirmed in State v. Schaffer, Mo., 454 S.W.2d 60 (1970).

Petitioner now advances three contentions in an effort to set aside his conviction. The first relates to his being denied adequate and effective counsel in all proceedings involving the preparation, trial and appeal of his case on the charge of rape. The second claim is focused upon his being denied essential witnesses for his defense and character. The final claim of error rests upon his being deprived of a trial transcript in order to perfect his appeal. The petitioner has exhausted his state remedies as to the first two claims, but has not exhausted his state remedies as to the third claim.

The petitioner's first allegation is that he was denied effective representation of counsel. His main contention with regard to this allegation is that none of the court-appointed attorneys secured the witnesses that he requested. In particular, the petitioner alleges that his trial counsel made certain that three witnesses requested by him would not be present at his trial. The petitioner further alleges that the testimony of two witnesses would have corroborated his testimony in part, and that the testimony of the third witness would have established his good moral character. Pertinent to this issue, the petitioner's trial counsel testified at the second 27.26 hearing that he contacted all but one of the witnesses that his client requested. The trial counsel stated that he was unsuccessful in his efforts to locate the one witness even though he paid an off-duty police officer to search for the witness. In addition, trial counsel testified that this witness was not in his opinion material to the preparation and presentation of his client's case.

As to the failure of trial counsel to introduce character witnesses, the trial counsel also testified at the second 27.26 hearing that he did contact the only character witness that his client requested. Her name was Sister Gilda. Counsel then testified that Sister Gilda told him that she did not know the character of this petitioner. Hence, it would have served no purpose to call Sister Gilda as a witness.

The credibility of the petitioner's allegation is further weakened by the testimony of counsel who represented petitioner at his first 27.26 hearing, for during the second 27.26 hearing, counsel testified that he also contacted Sister Gilda, and that she informed him that she could be of no assistance in testifying as to the character of his client.

In light of the testimony of the petitioner's former attorneys at the second 27.26 hearing, it is apparent that the attorneys had no choice with regard to the calling of witnesses. However, even if this court assumes that counsel did elect not to call a witness, it is well settled that matters within the realm of counsel's judgment do not serve as a basis for a charge of inefficiency. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 794 (1958), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); Borchert v. United States, 405 F.2d 735, 738 (9 Cir. 1968), cert. den. 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969). In Bolden v. United States, 105 U.S.App.D.C. 259, 266 F.2d 460 (1959), the court stated with regard to the failure of counsel to call an alleged alibi witness at 461: "Whatever the reason for it, the decision was for the judgment of counsel and should not now be the basis for a charge of inefficiency."

The court in Cardarella v. United States, 375 F.2d 222, 230 (8 Cir. 1967), cert. den. 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967), stated the well settled rule as to when relief from conviction will be granted on the ground of ineffective counsel:

"The rule applicable is that a charge of inadequate representation can prevail 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.'"

This court has carefully examined the record of trial and the second 27.26 hearing. It is apparent that counsel did a commendable job in representing the petitioner. There is no support for the allegation that petitioner had ineffective representation of counsel. Thus, this ground is without merit.

The petitioner's second allegation is that he was denied essential witnesses. This contention has to a great extent been covered in this court's answer to the petitioner's first allegation. Moreover, the petitioner was granted a continuance of over a month before his second 27.26 hearing in order to subpoena witnesses. The petitioner testified in the second 27.26 hearing that he was satisfied with his counsel and felt

that everything had been presented to the court on his behalf. During his testimony the petitioner acknowledged that his counsel was unable to locate two of the witnesses that he requested. In addition, the court allowed the petitioner to state the expected testimony of the witnesses who could not be located. It is apparent from the record that their testimony is in no way material to the defense of the petitioner on the charge of rape. The record of the second 27.26 hearing discloses that the following witnesses testified at the request of the petitioner: The circuit judge who presided at the petitioner's original trial, the trial counsel of petitioner, the petitioner's counsel at the 27.26 hearing, and a witness requested by the petitioner. These are not the circumstances that amount to a denial of compulsory process. The petitioner was accorded the normal procedures available to procure the attendance of witnesses. There is nothing in the record of trial or the 27.26 hearing which indicates that the state interfered with the petitioner's right to the compulsory attendance of witnesses. See Ray v. United States, 367 F.2d 258 (8 Cir. 1966), cert. den. 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967). In fact, the record of proceedings is completely contrary to the petitioner's allegation. It is the opinion of this court that this claim fails to state grounds upon which relief can be granted.

The petitioner's final contention is that he was denied a trial transcript. This allegation has not been considered by the Missouri Supreme Court. Normally, this would be a basis for dismissal without prejudice as the petitioner has not exhausted his state remedies. However, in this instance the record of proceedings establishes that the trial attorney for the petitioner was furnished with a trial transcript. (Tr. p. 166; second 27.26 hearing Tr. p. 29), and that both 27.26 hearing attorneys for the petitioner were furnished with a trial transcript (second 27.26 hearing Tr. pp. 14, 61 & 62). In addition, the brief submitted to the Missouri Supreme Court by appellant's attorney in 1970 establishes that the petitioner's attorney possessed both a copy of the trial transcript and the second 27.26 hearing record in the preparation of that brief. Hence, it is evident that the State of Missouri has furnished to the petitioner a trial transcript as required under 27 V.A.M.S. 485.100, p. 718 (1949) in a criminal case involving an appeal.

Although the petitioner does not specifically allege that he has been denied a trial transcript for use in his federal habeas corpus case, this court will liberally construe his petition and address itself to that issue. Recently, in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the Supreme Court did not decide on the issue as to whether the State must furnish a transcript to aid an indigent prisoner in his attempt to obtain collateral relief. However, in Hines v. Baker, 422 F.2d 1002, l.c. 1007 (1970), the Tenth Circuit considered Wade, supra, and denied a transcript to an indigent prisoner for use in his federal habeas corpus case. The court in denying the transcript stated at 1006:

"We have considered the Wade opinion and the cases relied on by Hines. The majority of this Court concludes that the denial of Hines' claim for a transcript should be affirmed for lack of merit, since Wade does not intimate that the State or Federal Government must furnish a transcript for exploratory use in collateral federal proceedings, nor change the rule followed by this Court against requiring such exploratory aids for collateral relief. Therefore, the trial court's ruling on this issue is also sustained."

The Sixth Circuit in Lucas v. United States, 423 F.2d 683 (1970), also considered the indigent prisoner's claim for a free trial transcript in light of Wade, supra. The court held that absent special circumstances the prisoner was not entitled to a transcript for the purpose of preparing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.

The petitioner's allegations indicate that he is quite familiar with the details of his case. However, the petitioner is unable to state any reason as to why a transcript is necessary in order to perfect his appeal. Moreover, the main portion of the allegations presented by the petitioner deal with areas outside the actual trial transcript.

Accordingly, it is therefore ordered that the petition for writ of habeas corpus be dismissed.