**Richard D. SNYDER, Appellant,**

v.

**STATE OF NEBRASKA, Appellee.**

No. 20332.

United States Court of Appeals, Eighth Circuit.

Dec. 24, 1970.

Jeffre P. Cheuvront, Lincoln, Neb., filed brief for appellant.

Clarence A. H. Meyer, Atty. Gen., and Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., filed brief for appellee.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, District Judge.

PER CURIAM.

Petitioner, Richard D. Snyder, appeals from the district court's denial of his petition for writ of habeas corpus. Petitioner is presently serving a twelve year sentence in the Nebraska Penal and Correctional Complex, imposed in 1965 upon a guilty plea to a charge of rape.

On appeal, petitioner raises two issues:

1) Was petitioner's plea of guilty made knowingly and with a full understanding of the consequences of such plea?

2) Did the district court err in denying petitioner's request for a copy of the transcript of the proceedings in state court?

We affirm the district court on both issues.

I

Petitioner contends that his plea was involuntary because:

1) he mistakenly believed that incriminating admissions made to the court-appointed psychiatrist would be admissible at trial; and

2) he mistakenly believed that he was charged with kidnapping, a charge which carried a possible death sentence.

The district court held a full evidentiary hearing on both issues and decided them adversely to petitioner.

We have carefully reviewed the record and are convinced that the district court correctly found that petitioner did not meet his burden of showing that his plea was not voluntarily made. Copenhaver v. Bennett, 355 F.2d 417 (8th Cir. 1966); Harris v. Tahash, 353 F.2d 119 (8th Cir. 1965). See also, North Carolina v. Alford, 400 U.S. 25, 90 S.Ct. 160, 27 L.Ed.2d 162 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

## II

■ Petitioner contends that, in the light of Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969), Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) and Griffin v. Illinois, 351 U.S. 12, 16 S.Ct. 585, 100 L.Ed. 891 (1956), the district court erred in denying petitioner's request for a copy of the transcript of the proceedings in state court. We disagree.

Regardless of the general standard to be followed in determining under what conditions an indigent is entitled to a free trial transcript for purposes of bringing a collateral attack,[1] we think that a state prisoner must first attempt to obtain the transcript in the state courts. See, e. g., Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); Hines v. Baker, 422 F.2d 1002, 1007 at n. 11 (10th Cir. 1970); Boles v.

Kershner, 320 F.2d 284 (4th Cir. 1963). There is no indication in this record that petitioner has done so.

The decision of the district court is affirmed.

---

1. See, e. g., Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); Lucas v. United States, 423 F.2d 683 (6th Cir. 1970); Hines v. Baker, 422 F.2d 1002 (10th Cir. 1970); Hoover v. United States, 416 F.2d 431 (6th Cir. 1969); Benthiem v. United States, 403 F.2d 1009 (1st Cir. 1968), cert. denied, 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 247 (1969); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); 28 U.S.C.A. § 753.