**Adolphus C. BRIGGS, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

No. 18982–4.

United States District Court,
W. D. Missouri, W. D.

Jan. 14, 1971.

Adolphus C. Briggs, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner currently confined in the Missouri Training Center for Men at Moberly, Missouri, seeks leave to file in forma pauperis a petition for writ of habeas corpus. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that on December 3, 1965, he was sentenced to two concurrent ten-year terms of imprisonment by the Circuit Court of St. Louis County, Clayton, Missouri, following his guilty plea to charges of manslaughter and assault. He further states that he did not appeal the judgment of conviction or the imposition of sentence.

In this habeas corpus proceeding petitioner does not attack the validity of his state conviction or sentence. Rather, it is petitioner's contention that he has been denied due process of law in the state courts because he has not been furnished a free transcript of his criminal proceedings in the Circuit Court of St. Louis County upon request. Petitioner alleges that he filed a motion to obtain such transcripts in the Circuit Court of St. Louis County which was denied; that subsequently he unsuccessfully appealed that decision of the trial court to the St. Louis Court of Appeals; and that he filed a petition for writ of mandamus in the Supreme Court of Missouri which also was denied. As grounds for the production of the transcripts of his state criminal proceedings, petitioner avers:

"Petitioner states that he is now in the process of effecting his motion under Missouri Rule 27.26, and that he can-not continue said motion without the use of the transcripts of [his state criminal] proceedings."

Under the clear import of Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1968), an indigent state prisoner who desires to obtain without cost a transcript of his state criminal proceedings must first exhaust his available state remedies in that regard prior to seeking relief in the federal courts. See also: Snyder v. Nebraska, 435 F.2d 679 (8th Cir. 1970); Carpenter v. Oldham, 314 F.Supp. 1350, 1352, n. 1 (W.D.Mo.1970). And, in the present case, petitioner has not pursued all available state avenues by which he may obtain the transcripts he now requests. From the allegations of his petition for federal habeas corpus relief, it is apparent that petitioner does not presently have pending a Rule 27.26 motion or any other post-conviction proceedings in the state courts. It is equally apparent from the record that petitioner did not have any state post-conviction proceedings pending at the time of his requests for trial transcripts in the state courts. In denying petitioner's petition for writ of mandamus to compel the production of his trial transcripts, the Supreme Court of Missouri cited its recent opinion in State v. Keeble, 427 S.W.2d 404 (Mo.1968). In that case, the court considered the rights of a state petitioner in a Rule 27.26 post-conviction proceeding to obtain without cost the transcripts of his original criminal proceedings. The apparent effect of that decision was to afford a petitioner those transcripts without cost where, in the discretion of the trial judge, they are necessary to a determination of the pending Rule 27.26 motion. In reaching its ruling, the Supreme Court stated:

"If an indigent defendant files a motion under Rule 27.26 alleging sufficient facts to entitle him to an evidentiary hearing, and a consideration of a part or all of the original trial transcript is necessary to a determination of the question or questions raised,

then a partial or complete transcript should be ordered."

Thus, in light of the circumstances, it appears that petitioner, at a later date, might obtain the transcripts he desires where such transcripts prove necessary to a determination of the issues presented in his Rule 27.26 motion. Therefore, his petition for federal habeas corpus relief is premature until such action is attempted by the petitioner.

■ Furthermore, other than his broad assertion that he "cannot continue said [Rule 27.26] motion without the use of the transcripts of the proceedings," petitioner has not set forth herein any particularized need for the transcripts of his state criminal proceedings. As stated by the Tenth Circuit Court of Appeals in Hines v. Baker, 422 F.2d 1002, 1006–1007 (10th Cir. 1970);

"We have considered the *Wade* opinion and the cases relied on by [petitioner]. The majority of this Court concludes that the denial of [petitioner's] claim for a transcript should be affirmed for lack of merit, since *Wade* does not intimate that the State or Federal Government must furnish a transcript for exploratory use in collateral federal proceedings, nor change the rule followed by this Court against requiring such exploratory aids for collateral relief."

Thus even assuming *arguendo* that petitioner has availed himself of all remaining state remedies by which to gain access to his state trial transcripts, he is not entitled to relief in this federal proceeding without some showing that such transcripts are necessary to the presentation or determination of particularized issues relating to his state conviction or sentence.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.