**Joe Eddie GIBBS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. A. No. 70–320.**

United States District Court, E. D. Pennsylvania.

Oct. 5, 1971.

Harold Randolph, Philadelphia, Pa., for petitioner.

Jeffrey Miller, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Petitioner, Joe Eddie Gibbs, has filed a request under 28 U.S.C. §§ 2250 and 2255 for a copy of the transcript of his trial for purposes of collateral attack.

Petitioner, represented by private counsel at a jury trial before this Court, was found guilty of a violation of 18 U.S.C. § 659, theft from interstate shipment. He was sentenced to ten years imprisonment on March 16, 1971. On May 26, 1971, he wrote a letter requesting a reduction of sentence which this Court denied on June 9, 1971. Petitioner has neither appealed the verdict nor sought other post-conviction relief.

In the instant petition he included an affidavit of poverty but makes only the vaguest, conclusory statements about his intended collateral attack. Specifically, he states only that his rights, privileges and immunities have been violated, that he believes his cause to be meritorious, and that his petition presents substantial legal questions. Petitioner gives no clue, however, as to how his rights, privileges and immunities have been violated or what substantial legal questions may be involved.

Research has uncovered no case which holds that an indigent prisoner is automatically entitled to a free transcript of his trial simply because he entertains the good faith belief that he is entitled to relief. That this precise question has never been directly decided by the Supreme Court was acknowledged in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970).

In Hines v. Baker, 422 F.2d 1002 (10 Cir.1970) the Tenth Circuit rejected the contention that an indigent who was deprived of a transcript of his original criminal trial for use in his federal habeas corpus case had been denied equal protection in violation of his federal constitutional rights. In *Hines*, the Court specifically referred to the Supreme Court's *Wade* opinion and concluded at 1007:

". . . the denial of Hines' claim for a transcript should be affirmed for lack of merit, since *Wade* does not intimate that the State or Federal Government must furnish a transcript for exploratory use in collateral federal proceedings, nor change the rule followed by this Court against requiring such exploratory aids for collateral relief."

The Sixth Circuit recently reached a similar conclusion after analysis of *Wade*. *See* Bentley v. United States, 431 F.2d 250 (6 Cir.1970). Furthermore, the pre-*Wade* cases uncovered uniformly hold that "[a]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4 Cir.1963). *See* Benthiem v. United States, 403 F.2d 1009 (1 Cir.1968); Martinez v. United States, 344 F.2d 325 (10 Cir.1965); Harris v. State of Nebraska, 320 F. Supp. 100 (D.Neb.1970); Alfinito v. United States, 305 F.Supp. 568 (D.S.C. 1969).

Accordingly, although this Court is sensitive to the need of indigents for trial transcripts to effectively press for post-conviction relief, the instant petition is devoid of any particularity concerning the rights, privileges and immunities which were denied to petitioner at his trial.