**UNITED STATES of America ex rel. Eugene HAINES, Petitioner,**

**v.**

**Hon. J. W. PATTERSON, Superintendent, Eastern New York Correctional Facility, Napanoch, New York, Respondent.**

**No. 73 Civ. 1964.**

United States District Court, S. D. New York.

Oct. 11, 1973.

Eugene Haines, pro se.

Louis J. Lefkowitz, Atty. Gen., N. Y., for respondent; Iris A. Steel, New York City, of counsel.

## MEMORANDUM

FRANKEL, District Judge.

The petitioner is serving an indeterminate state sentence of up to 12 years for first-degree manslaughter and possession of a weapon as a misdemeanor. His conviction was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied by Judge Scileppi. He appears to acknowledge that he caused the death leading to his manslaughter conviction. He seems to assert, however, invoking only propositions of state law, that the *degree* should have been lower and that the trial court erred in failing to submit lesser-included offenses to the jury. He then states that his sole complaint to this court at this time is that he has not

been given a free transcript and full state record for pursuing lines of collateral attack. He says that the nature of this contention, given an observation by a state judge at *nisi prius,* makes exhaustion of state remedies unnecessary.

While the question remains open, Wade v. Wilson, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the weight of authority is against the claim that the state must supply a complete record so that a defendant, who has enjoyed full rights of direct appeal, may discover and pursue theories of collateral attack. It has been consistently held that there is no right to a transcript "for exploratory use" in collateral federal proceedings, Hines v. Baker, 422 F.2d 1002, 1006 (10th Cir. 1971), or "merely to comb the record in the hope of finding some flaw." United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). Rather, the petitioner must demonstrate a "reasonably compelling need" for the documents. Chavez v. Sigler, 438 F.2d 890, 894 (8th Cir. 1971); United States v. Shoaf, *supra,* and "do more than allege conclusory allegations," Jackson v. Turner, 442 F.2d 1303, 1305 (10th Cir. 1971); see also Ellis v. Maine, 448 F.2d 1325, 1327 (1st Cir. 1971); Harlow v. Supreme Court of Appeals of Virginia, 328 F.Supp. 296 (W.D.Va.1971). Without deciding this finally now, this court may observe that the instant case is scarcely a moving one for going against the tide. Petitioner had a full-dress state appeal, the adequacy of which (including the record on which it was presented) he does not now question. He does not even intimate any federal questions on the merits which (1) have been pursued in exhausted state remedies and (2) he would wish now to tender as grounds for federal habeas. The hope or conjecture that something might turn up if he now had a state transcript fuller than that on which he appealed is not an impressive matter.

█ But there is a logically prior obstacle to this habeas application. Petitioner is, mistaken in his view that he may bypass the state tribunals in his demand for a free transcript. Those courts know, as this court does not, how much of a record petitioner already had for his direct appeal. They know and can appraise questions of state interest and policy that are not necessarily immaterial even for federal habeas. They may, for all we now know, be willing to give this petitioner (or any like him) the relief he seeks. And if he is correct in his assertion of a right to the transcript, his suit must presumably rest upon an alleged infringement of that right, which presumably would have been accomplished by the state judicial establishment to which petitioner has not seen fit to apply. Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); Snyder v. Nebraska, 435 F.2d 679, 680 (8th Cir. 1970).

This last point makes it unnecessary in the opinion of this court to pursue questions whether this case is properly a habeas or ought to be appraised in terms of 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The court would not, of course, hold this lay prisoner rigidly to the jurisdictional theory he has proposed. But even under § 1983, the essential notion we might loosely (but not with technical accuracy) call "exhaustion" would apply to a case of this kind. For reasons already indicated, the nature of the alleged wrong is such that petitioner should be required to ask the state courts for a transcript before he may come here and be deemed to present a claim upon which relief can be granted. Cf. Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970).

█ In his traverse to the affidavit in opposition; petitioner complains about inadequate materials and facilities for preparing court papers and alleges he has been punished improperly for violating oppressive rules that inhibit his handling of court proceedings. The papers before us seem adequate, however, to pose the single question petitioner has raised in his petition, and the traverse

may not be accepted as sufficient to create what would amount to a new and different lawsuit.

The petition is dismissed. So ordered.