**UNITED STATES of America ex rel. John E. WILLIAMS, Petitioner,**

v.

**STATE OF DELAWARE et al., Respondents.**

**Civ. A. No. 75-380.**

United States District Court, D. Delaware.

Dec. 10, 1976.

On Motion for Reversal Jan. 27, 1977.

---

John B. Kennedy, Kennedy & Kennedy, Wilmington, Del., for petitioner.

Keith A. Trostle, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for respondents.

MURRAY M. SCHWARTZ, District Judge.

Petitioner Williams filed this petition for a Writ of Habeas Corpus on November 25, 1975, seeking relief from a State conviction in the courts of the State of Delaware. The gravamen of his complaint is that his conviction in State court was based on evidence seized in violation of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution. Petitioner also filed a motion for Leave to Proceed In Forma Pauperis. After the Court had granted that motion, relatives of the petitioner retained counsel to represent the petitioner in this proceeding.

Counsel for the petitioner has filed a motion seeking a free transcript of the State court hearing on the petitioner's (then defendant) motion to suppress evidence alleged to have been gathered illegally. In addition, the State of Delaware has filed a motion to dismiss the petitioner's writ on the basis of the United States Supreme Court's opinion in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). This opinion addresses both motions.

■ At the outset it should be noted that this case does not concern an indigent State prisoner on direct appeal of his criminal conviction, where the transcript may be a matter of right without any showing of the merit of his appeal. *See Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *but cf. United States ex rel. Cleveland v. Warden, New Jersey State Prison*, 544 F.2d 1200 (3d Cir. 1976). Moreover, the Supreme Court specifically has reserved decision on the issue of whether an indigent habeas petitioner is entitled to a free transcript as of course simply in order that he may search for error. *Wade v. Wilson*, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970). In a subsequent decision, however, the Supreme Court did rule that a federal prisoner seeking relief under 28 U.S.C. § 2255 was not entitled to a free transcript as a matter of right. *United States v. MacCollum*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Although *MacCollum* does not control in the instant case, it contains dictum that reasonable limitations on the right to a free transcript do not constitute a suspension of the writ of habeas corpus. The Court expressly referred to the near unanimous holdings by the courts of appeals that an indigent habeas petitioner is not entitled to a free transcript in order that he simply may search for error. *See, e. g., Ellis v. State of Maine*, 448 F.2d 1325, 1327 (1st Cir. 1971); *Hines v. Baker*, 422 F.2d 1002 (10th Cir. 1970).

Counsel for the petitioner has stated two grounds to justify the order of a free transcript of the state suppression hearing. First, he argues that an indigent petitioner is entitled to a free transcript as a matter of right. This argument is unconvincing both factually and legally.

The numerous cases cited by the Supreme Court in the *MacCollum* case reflect the fact that no court of appeals has yet adopted the position of the petitioner. Petitioner has not articulated nor can I rationalize any

justification for a rule of law which would bestow upon petitioner a constitutional right to a transcript for purposes of searching for error of constitutional dimension which would result in grant of a habeas writ. It is held that where an indigent petitioner is seeking only the exceptional collateral relief of habeas corpus there must be some minimal showing on the merits before the Court will order him supplied with a free transcript. In the matter sub judice it is unnecessary to decide exactly what showing would be required, since petitioner expressly has declined to make any showing at all.

Petitioner's counsel has urged that it is impossible for him to make the necessary showing without having examined the transcript. This may be true, but it is inaccurate to say that counsel had no access to the transcript of the State suppression hearing. Counsel for the petitioner had been informed that a copy of the transcript was and is available in the office of the Clerk of this Court [1] and has been asked repeatedly whether this procedure is inadequate for purposes of substantiating in some way the merit of petitioner's claim. The response has been that this procedure is inadequate, but no reasons have ever been offered other than inconvenience. The availability of the Court's copy may be somewhat inconvenient to prepare for a full hearing on the merits of the claim, but it is more than adequate for purposes of determining whether the required minimal showing can be made so as to justify the Court ordering a free copy be given to the petitioner to prepare for such a full hearing.

The second ground advanced to justify the ordering of a free transcript relates directly to the defendant's motion to dismiss. Petitioner's habeas claim is based on alleged violations of his Fourth and Fourteenth Amendment rights by the defendant. The State of Delaware has moved to dismiss the case in light of the Supreme Court's opinion in *Stone v. Powell, supra.* The *Powell* case held that where a prisoner has been granted an opportunity for a full and fair litigation of a Fourth Amendment claim in a State court proceeding, a State prisoner may not be granted habeas corpus relief on the ground that evidence obtained through an unconstitutional search was introduced at his trial. Counsel for the petitioner contends that he is unable without a copy of the transcript to determine whether his client was afforded an opportunity for a full and fair hearing. This is a deceptively plausible and attractive argument [2] which, if accepted, would vitiate the requirement of some minimal showing of merit. However, its attractiveness fades when one recognizes counsel for the petitioner could have used the transcript available in the Clerk's office to substantiate in some way the naked allegation that the standards of *Stone v. Powell, supra,* were not met.

At bottom, petitioner's second ground is no different from the first; that is, that the petitioner has a right to a free transcript without any showing of the merit of his claim. For the reasons stated above, the motion for a free transcript will be denied.[3]

The second motion before the Court is defendant's motion to dismiss the case. As

1. The Clerk's office may not be the best place to examine a transcript. On the other hand, given the purpose and circumstances, it can hardly be characterized as inadequate. The Clerk's office has a separate room which attorneys may use to examine Court records in private. It is also noted counsel's office is less than three blocks from the Courthouse and that counsel was advised of record of the availability of the transcript in the Clerk's office at a prior hearing held on May 11, 1976.

2. See *Ellis v. State of Maine,* 448 F.2d 1325, 1327 (1st Cir. 1971).

3. Because of the above disposition of the motion for a free transcript, it is unnecessary for the Court to determine whether petitioner is in fact indigent. This issue arose when private counsel for the petitioner was retained after the Court had granted petitioner's motion for Leave to Proceed In Forma Pauperis, based on affidavits submitted by the petitioner stating that neither he nor his family possessed sufficient funds to pay the costs of this case. In like vein, the Court need not consider issues arising from the fact that petitioner's State court trial counsel had obtained a copy of the transcript.

noted above, counsel for the petitioner has responded to the defendant's motion to dismiss by asserting that he cannot show the inapplicability of *Stone v. Powell, supra,* without a copy of the State hearing transcript. Having disposed of the merits of that contention above and faced with counsel for the petitioner's position that if given additional time, he would continue to argue the same point without examining the 200 page suppression transcript in the Clerk's office, this Court finds that the Supreme Court's holding in *Stone v. Powell, supra,* is dispositive of the instant case.[4] Therefore, defendant's motion to dismiss will be granted.

## ON MOTION FOR REVERSAL

The petitioner in this action is incarcerated in a Delaware State prison as a result of a State conviction for possession of controlled substances with intent to distribute. On December 10, 1976, this Court issued a Memorandum Opinion and Order denying the request of counsel for petitioner for a free transcript of the suppression hearing held in State court. The order also granted the defendant's motion to dismiss based on the recent Supreme Court case *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Counsel for petitioner has now moved for reversal[1] of that Order.

The Court has reviewed its earlier decision and finds no basis to modify it. The current motion, however, reflects some con-

fusion on the part of counsel for the petitioner and certain conflicts between the representations made by counsel in his motion and the representations made by counsel at two arguments before the Court. Thus, it is perhaps worthwhile to clarify these problems.

Counsel for the petitioner again has cited three reasons which purportedly grant his client the unqualified right to a free transcript: 28 U.S.C. § 2250,[2] the need to specify errors occurring at the suppression hearing, and the need to prepare an effective brief in opposition to the defendant's motion to dismiss. The three grounds, however, present but one question: whether an indigent State prisoner seeking only extraordinary collateral relief from conviction is entitled to a free transcript without any showing of the need for the transcript. The answer to this question is no; it is the same answer given by the several circuits cited in the December 10th opinion which have ruled on this issue.

The history of this case reflects either the consistent refusal or inability of counsel for the petitioner to make a minimal showing of need for any portion of the transcript. At a hearing in May on his initial motion, counsel for the petitioner was very explicit as to how much of the transcript[3] he needed and the reasons:

"MR. KENNEDY: Your Honor, I'd like to have the entire transcript.

"THE COURT: Why?

---

4. Petitioner's argument that *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), should not be applied retroactively is similarly without merit. Petitioner relies on *Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968), as authority for the proposition that a holding in a case should not be applied retroactively when the holding constitutes "a sharp break in the line of earlier authority . . . ." 392 U.S. at 499, 88 S.Ct. at 2234. The citation is inapposite, for in *Hanover* the Court looked first to reliance before examining whether the case cited by defendants represented a break with earlier authority. In the instant case, petitioner cannot plausibly contend that his conduct reflected a reliance on *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Moreover,

the Supreme Court rejected a somewhat related contention by the petitioners in *Stone v. Powell, supra,* that the decision should be applied against them only prospectively. *Stone v. Powell, supra,* 428 U.S. at 495, n. 38.

1. The motion for "reversal" is treated as a motion brought pursuant to F.R.Civ.P. 60.

2. Counsel's motion refers to 28 U.S.C. § 2550. Since there is no such section in Title 28 and since § 2250 concerns the right of an indigent prisoner to documents without cost, counsel's statutory reference has been construed to be § 2250.

3. The entire transcript of the State trial exceeds 1000 pages.

"MR. KENNEDY: So that I can read this transcript and determine whether or not there is reversible error in that record brief and, if there are or is any reversible error in that record, I want to raise it in this petition for writ of habeas corpus. That's the only way I can effectively prepare this case for the Court to determine whether or not such error does exist. In other words, I don't want to leave anything unturned." (May 11, 1976, Tr. 17)

After the Court stated that counsel for the petitioner had to make an initial demonstration of the need and relevance of the transcript, counsel filed a second motion limited to the transcript of the State suppression hearing.[4] Again, however, the motion merely recited naked allegations that the petitioner was not afforded a full and fair hearing on the suppression motion, that the State court fact-finding procedure was inadequate and that factual determinations made by the State court were not supported by the record.

■ The touchstones of an indigent's motion for a transcript are need and relevance. *See Bozeman v. United States*, 354 F.Supp. 1262 (E.D.Va.1973). The Court repeatedly has asked counsel for the petitioner to use the transcripts of the State proceeding on file in the office of the Clerk of this Court to specify the occasions in the State proceeding where counsel believes errors of constitutional dimension were committed. As noted in the earlier opinion, this procedure was not intended as a substitute for

receiving the transcripts themselves. Rather, it was a preliminary step necessary for the Court to evaluate the need for and relevance of the transcripts to petitioner's habeas corpus petition. In response to this request by the Court, counsel for the petitioner refused to examine the available transcript.

"THE COURT: What do we do at this point?

"MR. KENNEDY: We probably have to do, Your Honor, what I have told Keith [attorney for respondent] we have to do all along,—examine the record, examine the suppression hearing itself, and be definite, point to definite occurrances [sic] in the transcript itself.

"THE COURT: Apparently you don't want to do that.

"MR. KENNEDY: We do, Your Honor. I guess we don't want to do it in the Clerk's office.

"THE COURT: Now, is there some reason why you don't want to do it in the Clerk's office?

"MR. KENNEDY: None that I know of, not particularly, Your Honor." (November 1, 1976, Tr. 7)[5]

What this Court has encountered is the consistent attempt by counsel for the petitioner to obtain a free transcript without any showing of need or relevance, that is without any reference to specific points in the available transcript which form the basis for the habeas corpus petition. This problem was emphasized in the earlier opinion and it warrants emphasis again. Coun-

4. Hearings on motions to suppress were held at two different points in the State court proceeding, one prior to swearing in of the jury and the other during the trial at the request of petitioner's trial counsel on the basis of newly discovered evidence. The two hearings constituted over 200 pages of the trial transcript.

5. This representation by counsel for the petitioner underlines an apparent conflict between a representation made by counsel in his current motion (Doc. No. 32) and representations made previously. In his current motion, counsel for the petitioner states that he did review the transcripts in the Clerk's office between his first (Doc. No. 21) and second (Doc. No. 27)

motions. His second motion, however, makes no mention of such a review. Further, counsel for the petitioner stated at argument on the second motion that the available transcript had not been reviewed:

"MR. KENNEDY: . . . We haven't had an opportunity to review the State suppression Court hearing, the transcript of that hearing." (November 1, 1976, Tr. 2)

Because of the Court's difficulty in resolving this apparent conflict, the transcripts of the two hearings were ordered. After reviewing those hearings, however, this contradiction continues to mystify the Court.

sel for the petitioner in his latest motion has not altered his original position. This Court sees no reason for changing its earlier ruling that absent some showing of the merit of petitioner's contention, by reference to the available transcript which reflects the need and relevance of a free transcript, counsel for the petitioner is not entitled to the free transcript.

Although I do not believe the law requires it, out of an abundance of caution and concern for the petitioner's rights and in part because of the unique circumstances of this case,[6] the Court has reviewed the transcript of the State suppression hearing on file in the Clerk's office. Without the benefit of counsel's specific citations to pages, it is unclear to the Court at what point and in what way the State court's fact-finding was inadequate and unfair. Further, the only significant factual dispute apparent in the transcript concerned whether the police knew well in advance what room in the motel where the petitioner was arrested was going to be the locus of the drug deal. But, again, there is nothing apparent in the record to indicate this dispute was not fully and fairly developed at the hearing and that there was not ample evidence to support the conclusion of the State judge. Indeed, the judge gave trial counsel for the petitioner on two separate occasions the opportunity to present evidence on this and other issues. I did not make this review of the State record in order to hold that there is no merit to the substance of the habeas petition. My purpose was simply to determine if the merit of the petition is clearly evident on the face of the record. It is not.

As noted above, the contention of counsel for the petitioner that he needs the transcript to answer the defendant's motion to dismiss on the basis of *Stone v. Powell, supra,* presents the same issue already discussed. The argument seeks to obtain indirectly what the Court has held cannot be obtained directly absent a minimal showing of the merits of the bald assertions of unfairness and inadequacy, and/or some specific references to the transcript which demonstrate need and relevance. At argument on November 1, 1976, counsel for the petitioner expressly declined the Court's invitation to delay its ruling on defendant's motion to give counsel another opportunity to review the transcript in the Clerk's office.[7] The requirement of that minimal showing is reaffirmed.

Because of the disposition of the present motion, it is unnecessary for the Court to reexamine its decision in November, 1975, to permit the petitioner to proceed *in forma pauperis.* The subsequent retention of private counsel and payment of a substantial fee raised serious questions which were mentioned to counsel at oral argument. The issue, however, must await another day for resolution.

An order denying petitioner's motion will be entered.

---

**6.** These circumstances include, *inter alia,* the availability of a transcript in the Clerk's office, the retention of private counsel after the Court had granted leave to proceed *in forma pauperis,* and the existence of a second transcript in the possession of the petitioner's trial counsel (see May 11, 1976, Tr. 5–8).

**7.** "THE COURT: . . . Now, if you want additional time to look at this transcript and file whatever you want to file, I will give you a very short period of time. Otherwise, if you tell me, no, my brother has said he does not want to go to the Court, then I will dismiss it today."

"MR. KENNEDY: Your Honor, I would think that I would prefer the latter approach. I think I would prefer the latter approach and have it dismissed today." (November 1, 1976, Tr. 8–9)