Ralph J. HARLOW, Petitioner,

v.

SUPREME COURT OF APPEALS OF VIRGINIA and Corporation Court of the City of Charlottesville, Virginia, Respondents.

Henry Wayne FERRELL, Petitioner,

v.

CLERK OF the CORPORATION COURT OF the CITY OF DANVILLE, VIRGINIA, Respondent.

Civ. A. Nos. 71-C-15-C, 71-C-35-D.

United States District Court, W. D. Virginia, Charlottesville and Danville Divisions.

June 22, 1971.

Ralph J. Harlow and Henry Wayne Farrell, pro se.

## MEMORANDUM OPINION

WIDENER, District Judge.

The petitioners have applied for orders requiring the respondents to furnish them, free of charge, with copies of all state court transcripts and other records pertaining to their convictions. Petitioner Harlow filed his petition in the United States District Court for the Eastern District of Virginia, which court ordered that he may proceed in forma pauperis and transferred the action to this court. Petitioner Ferrell filed his petition in this district. Containing common matters of law and fact, the actions are consolidated.

Petitioner Harlow, an inmate at Correctional Field Unit No. 15, Chatham, Virginia, requests this court to order the Supreme Court of Appeals of Virginia and the Corporation Court of the City of Charlottesville, Virginia, to forward him " * * * all state court records relevant to [his] convictions, suspension probations etc. * * * from approximately 1965 to 1971." Without such records, Harlow alleges he is unable to " * * *

set forth any valid specific grounds sufficient to support his contemplated attack on the validity of his present detention." Harlow alleges that he proceeds under 42 U.S.C., § 1983.

Petitioner Ferrell is a prisoner at the Virginia State Penitentiary. He seeks an order requiring the Clerk of the Corporation Court of the City of Danville, Virginia, to provide him with all records pertaining to his conviction in that court of statutory rape, " * * * for the purpose of perfecting a Petition for redress of grievances in regards to the said conviction, provided by the Constitution of the United States."

Neither of the petitioners purports by his present petition to attack his state conviction. In the case of Harlow, it is not shown which conviction, if any, he intends to seek relief from. Neither of the petitions discloses whether any proceedings for collateral relief from a conviction have been brought, or whether such proceedings are contemplated.

 The right to obtain, free of charge, transcripts and other records of criminal proceedings is not an abstract right. It arises only in response to a need thereof. United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). This court has never refused the request of an indigent state prisoner to obtain copies of transcripts and other records pertaining to a conviction from which, in a proper proceeding, he seeks relief. Nor, in such a proceeding, have Virginia officials refused this court's request that copies of such records be made available to such an applicant. Petitioners Harlow and Ferrell, however, do not seek relief from their convictions. It is apparent from their petitions that, at most, they are merely considering proceedings for relief and wish to obtain transcripts for their own perusal and for use if and when such proceedings are brought. Those purposes do not, in the opinion of the court, show a need entitling petitioners to be furnished with transcripts at public expense. An indigent prisoner is not entitled to a free transcript merely for the purposes of searching the record in the hope of discovering some flaw, or examining it in order to determine whether he wishes to engage in litigation.[1] United States v. Glass, 317 F.2d 200 (4th Cir. 1963). In the absence of some indication that a transcript would disclose matter relevant to a question sought properly to be raised, a refusal to furnish an indigent therewith, at public expense, deprives him of no right. *Id.*, at 202, n. 4. As noted, the present petitioners do not raise any issue as to the legality of their confinement, much less attempt to demonstrate the relevancy of their transcripts to any such issue.

The court finds, accordingly, that the petitioners have failed to state a cause of action, under 42 U.S.C., § 1983 or otherwise, and that their petitions must be dismissed.

An order is this day entered consistent with this opinion.

---

1. The Supreme Court has not passed on this specific point. See Wade v. Wilson, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed. 2d 470 (1970).