**Earl HUNTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19223.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1964.

Rehearing Denied Feb. 4, 1965.

Luke McKissack, Springer & McKissack, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Crim. Section, John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Hunter appeals from his conviction on two counts of an indictment charging violations of 21 U.S.C. § 174. We are affirming.

1. Hunter claims that he was arraigned without counsel, and that this violates the Sixth Amendment to the Constitution. On August 12, 1963 he appeared without counsel and stated that his true name was as set forth in the indictment. No plea was taken, the matter being continued "for plea" to August 19. He then appeared with counsel and pled not guilty. At the first appearance, he was not "arraigned," as he was not called upon to plead. (Rule 10, F.R.Crim. Proc.) When he was arraigned, and did plead, he was represented. Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, are not in point.

2. Part of the evidence against Hunter was given by a federal agent, who heard, via a radio, a conversation between

Hunter and an informer who was wired for sound. This did not violate his constitutional rights. On Lee v. United States, 1952, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; Carbo v. United States, 9 Cir., 1963, 314 F.2d 718, 738; Todisco v. United States, 9 Cir., 1962, 298 F.2d 208, 209–210; cf. Lopez v. United States, 1963, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

3. An agent of the government standing outside Hunter's door, which was ajar, also heard the conversation. It is now claimed that the agent was trespassing on Hunter's property, and that his listening was therefore a violation of Hunter's rights under the Fourth Amendment. No objection was made in the trial court (Rule 51, F.R.Crim.Proc.) Moreover, the record does not sustain the claim that the agent was a trespasser. For all that appears, the agent may have been standing on a public sidewalk. We do not pass upon the question, as the record does not present it.

4. Hunter attacks the validity of the "presumption" established by 21 U.S.C. § 174. The drug was heroin. As applied to heroin, the "presumption" is valid. Yee Hem v. United States, 1925, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904; White v. United States, 9 Cir., 1963, 315 F.2d 113; Bradford v. United States, 9 Cir., 1959, 271 F.2d 58; cf. Caudillo v. United States, 9 Cir., 1958, 253 F.2d 513.

5. Hunter asserts that the evidence does not show that he had possession of the narcotic. He agreed to sell the narcotic to the informer. He told the informer that the narcotic was under the washbasin in a certain service station. At the same time, he handed a leather jacket to the informer and told him that after obtaining the narcotic he was to put the money in the pocket of the jacket and return it. The narcotic was where Hunter said it would be. The jacket, with the money in it, was returned to Hunter. From these facts, the court could conclude that Hunter had possession. White v. United States, supra; Rodella v. United States, 9 Cir., 1960, 286 F.2d 306, 310. White is squarely in point. Williams v. United States, 9 Cir., 1961, 290 F.2d 451, on which Hunter relies, is different. There, the evidence pointed strongly to the conclusion that someone other than the defendant placed the narcotic where the informer found it. Hunter's testimony, if believed, might have brought the case within the decision in Williams. The court did not have to believe it.

6. The record does not sustain the claim that Hunter did not have the effective assistance of counsel. He did have it.

Affirmed.