**Earl HUNTER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 22823.

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1969.

Earl Hunter, in pro. per.

Wm. M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., James E. Shekoyan, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

On November 5, 1963, Earl Hunter was convicted on both counts of a two-count indictment charging violations of federal narcotics laws. On December 2, 1963, a ten-year sentence was imposed on each count, the sentences to be served concurrently. We affirmed. Hunter v. United States, 9 Cir., 339 F.2d 425, decided February 4, 1965. On January 26, 1967, Hunter tendered in the district court a motion under 28 U.S.C. § 2255 (1964) to vacate the judgment and sentence. The motion was filed on May 8, 1967 and denied, without hearing, on June 6, 1967. This appeal followed.

The grounds for relief asserted in the section 2255 motion pertain to the breach of an alleged promise of immunity from prosecution, the terms of which Hunter assertedly accepted and fulfilled, and to the alleged misuse of statements made by Hunter after the promise of immunity.

The essential facts relating to this matter, as alleged in appellant's motion, are as follows: Hunter was arrested on June 18, 1963, by Agents Lipschutz and Perret of the Federal Bureau of Narcotics for the offenses which led to his subsequent conviction.[1] Immediately after arresting him, the agents told Hunter that he could avoid an indictment being returned against him if he would agree to cooperate with them in certain narcotics investigations. They assured

---

1. In this court the Government asserts that Hunter was arrested on July 9, 1963. However, for the purposes of this appeal we accept Hunter's allegation that the arrest occurred on June 18, 1963.

him that all they expected was that he try to provide leads and information which would result in the arrest and conviction of narcotics dealers, it being immaterial whether Hunter was actually successful in this effort. The Chief of the Los Angeles Division of the Bureau unequivocally assured Hunter that he would support any agreement reached between the agents and Hunter.

Hunter further alleged that he agreed to the arrangement and cooperated fully with the agents. He was actually unable to provide the desired leads and information. However, this was not because of any lack of cooperation and diligent effort on his part, but apparently because he had become marked as one who was cooperating with law enforcement officers. During this period, Hunter allegedly told the agents about his own narcotics activities. On July 9, 1963, in alleged violation of the oral agreement, an indictment was returned against him.[2]

The district court denied the section 2255 motion on the ground that since Hunter's immunity contention was not advanced in support of a motion to dismiss the indictment or as a defense at the trial, it could not be advanced for the first time in this collateral proceeding.

We affirm without passing upon the question of whether Hunter's failure to present his immunity defense before or during his trial or on appeal precludes consideration of this defense in this section 2255 proceedings. Accepting as true all of Hunter's allegations, as summarized above, they show that he is not entitled to relief on either of the asserted grounds.

■■■ Hunter contends first that he relied on the promise of immunity from prosecution and fulfilled his part of the bargain by cooperating in obtaining evidence against others. However, he points to no statute authorizing enforce-

ment officers to grant immunity from prosecution on such a ground, nor has our research disclosed such a statute. In the absence of such a statute or of allegations to the effect that in consideration of the promise of immunity, Hunter surrendered constitutional or statutory safeguards, the alleged oral arrangement provides no defense in this case. See In re Whiskey Cases, 99 U.S. 594, 25 L.Ed. 399.

■ In addition, Hunter contends that the indictment should be dismissed because "the complaint and subsequent indictment were based upon the fact that [he] had admitted the violation to Agent Lipschutz." Although it appears that the complaint was grounded in Hunter's statements made after the promise of immunity, we find no support for the proposition that an indictment should be dismissed because the original complaint was based on tainted evidence.

■ As for the indictment itself, we have no way of knowing what evidence the grand jury used in determining that an indictment should issue. However, even the grand jury's use of Hunter's allegedly illegally obtained incriminating statements is no basis for dismissal of the indictment. The Supreme Court has indicated that an indictment tainted by incompetent evidence, or even by unconstitutionally obtained evidence, will not be dismissed on that basis. United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. In the *Blue* case, 384 U.S. at 255–256, 86 S.Ct. at 1419, the Court said that:

"Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, [the defendant] would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial."

---

2. Hunter does not allege when he was arraigned. However, in his opening brief in this court he asserts that he was arraigned on July 9, 1963, but does not

there state when he was indicted. In its brief in this court, the Government states that Hunter was indicted on July 31, 1963.

Hunter makes no allegation that the incriminating statements were introduced against him at his trial. Thus, Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, in which the Court reaffirmed the principle that evidence obtained as a result of a promise of immunity is not admissible at trial, is not relevant.

The district court therefore did not err in rejecting, without hearing, these grounds for section 2255 relief.

■ On this appeal Hunter presents some additional grounds for section 2255 relief. Since the district court was not given an opportunity to consider them, we do not pass upon them on this appeal.

Affirmed.