## PEOPLE v WHALEN

1. EVIDENCE—CRIMINAL LAW—HEARSAY—MISCARRIAGE OF JUSTICE—
HARMLESS ERROR.

    The admission of hearsay testimony in a criminal trial is harm-
    less error where it does not result in a miscarriage of justice.

2. CRIMINAL LAW—PROSECUTORS—STIPULATIONS—WITNESSES—BIND-
ING EFFECT—PUBLIC POLICY.

    The interest of the public in a just result of a criminal prosecu-
    tion precludes giving binding effect to a stipulation of a prose-
    cutor that witnesses who had not testified in a first trial of a
    defendant would not be called in a retrial for the same crime.

3. CRIMINAL LAW—EVIDENCE—WITNESSES—TESTIMONY—IMPROPER
DISCUSSION—DISCRETION—ABUSE OF DISCRETION—RECORD.

    The admission into evidence in a criminal trial of the testimony
    of a witness who has improperly discussed the case with
    another witness is discretionary with the trial court and should
    not be reversed on appeal where the record does not disclose an
    abuse of that discretion.

4. CRIMINAL LAW—IN-COURT IDENTIFICATION—PRIOR IMPROPER IDENTI-
FICATION—TAINT—FINDINGS OF FACT—RECORD—CLEAR ERROR.

    A trial court's finding that there was clear and convincing
    evidence that a contested in-court identification of a defendant
    was independent of and untainted by an improper pretrial
    identification should not be disturbed on appeal where a review
    of the record does not reveal that the finding was clearly
    erroneous.

5. CRIMINAL LAW—EVIDENCE—REDIRECT-EXAMINATION—CROSS-EXAMI-
NATION—PROSECUTORS.

    Redirect examination by a prosecuting attorney on subjects
    brought up on cross-examination is not improper or erroneous.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 590.
[2] 58 Am Jur, Witnesses § 690.
[3] 58 Am Jur, Witnesses §§ 621, 631.
[4] 21 Am Jur 2d, Criminal Law §§ 334, 341.
[5] 29 Am Jur 2d, Evidence § 267.
[6] 21 Am Jur 2d, Criminal Law § 137.

6. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY—CASE PRECEDENT—
PROSPECTIVITY.

A Supreme Court decision that a court may not instruct a jury
that the defense of alibi is easy to prove and difficult to
disprove is inapplicable to a case tried prior to the publication
of that opinion.

Appeal from Lenawee, Rex B. Martin, J. Submit-
ted November 14, 1975, at Lansing. (Docket No.
20918.) Decided November 24, 1975. Leave to ap-
peal denied, 395 Mich 827.

John J. Whalen was convicted of breaking and
entering and larceny in a building. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A. Ko-
selka,* Prosecuting Attorney, for the people.

*Burdick & Fink* (by *N. C. Deday LaRene),* for
defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E.
HOLBROOK, JR., JJ.

QUINN, P. J. Defendant's second trial[1] for break-
ing and entering, MCLA 750.110; MSA 28.305, and
larceny in a building, MCLA 750.360; MSA 28.592,
resulted in his second jury conviction of both
offenses. He was sentenced and he again appeals.

The only facts of the crime pertinent to our
decision are that defendant was in the car which
contained fruits of the crime when the car was
stopped at a roadblock soon after the burglary and
the larceny. Other facts relating to the issues
raised on appeal will be found in the discussion of
those issues.

---

[1] For first trial *see People v Whalen* (Docket No. 10764, decided
May 31, 1972 [unreported]), *reversed,* 390 Mich 672; 213 NW2d 116
(1973).

1. Fair trial denied by admission of hearsay testimony. This claim relates to testimony by Officer McBride concerning the license number of an automobile. Assuming, but without holding, this testimony to be hearsay, its admission was harmless error; it did not result in a miscarriage of justice, MCLA 769.26; MSA 28.1096, *People v Roberson*, 55 Mich App 413; 222 NW2d 761 (1974).

2. Reversible error occurred when witness Stoneback was permitted to testify and when witnesses Stoneback and Pollard were permitted to identify defendant in court.

Defendant claims that because the prosecuting attorney had stipulated prior to the retrial that witnesses who had not testified at the first trial would not be called at the second trial, Stoneback, who had not testified at the first trial, should not have been permitted to testify. Defendant further contends that because witness Pollard talked with witness Stoneback prior to the latter testifying, contrary to the express order of the trial judge, Stoneback should not have been permitted to testify.

The civil case authority relied on by defendant in support of his contention that the stipulation by the prosecuting attorney should have been enforced is not persuasive in this criminal case. The interest of the public in the just result of a criminal prosecution precludes the binding effect of such a stipulation. Furthermore, defendant was offered an adjournment to meet this evidence and it was declined. Still further, no prejudice to defendant has been demonstrated.

While it was improper for Pollard to discuss the case with Stoneback prior to the latter testifying, with or without an order from the trial court, the admission of Stoneback's testimony was discretion-

ary. The record does not disclose an abuse of that discretion.

The trial court found that the contested in-court identification, tainted by improper pretrial identification, was independent of that taint. Proof to support that finding must be "clear and convincing". We have reviewed the record and we are unable to say that the trial court's finding was clearly erroneous, *People v Manuel Johnson,* 58 Mich App 347; 227 NW2d 337 (1975).

3. Fair trial denied because the trial court permitted improper redirect examination by the prosecuting attorney.

The door which led to this redirect examination was opened by defendant on cross-examination. We find no error.

4. The trial court's instruction on alibi was reversibly erroneous.

We do not read the alibi instruction as offending the rule of *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974). "Easy to prove and difficult to disprove" was qualified by "sometimes". If this language does offend *McCoy,* that case is inapplicable to a case tried prior to publication of that opinion.

Affirmed. This crime occurred March 20, 1969. Over 6-1/2 years later and after two trials resulting in conviction, both of which have been affirmed by this Court, defendant is still free. Enough is enough. Defendant's bond is cancelled and he shall commence serving his sentence forthwith.