John Joseph WHALEN, Petitioner,

v.

Perry JOHNSON, Director, Michigan Department of Corrections, et al., Respondents.

Civ. No. 670296.

United States District Court, E. D. Michigan, S. D.

June 26, 1978.

See also D.C., 438 F.Supp. 1198.

N. C. Deday LaRene, Detroit, Mich., for petitioner.

A. Michael Leffler, Asst. Atty. Gen., State of Mich., Lansing, Mich., C. Stanley Hunterton, Strike Force, U. S. Dept. of Justice, Detroit, Mich., for respondents.

## MEMORANDUM OPINION

DeMASCIO, District Judge.

On February 12, 1976, petitioner filed this suit for a writ of habeas corpus alleging that his conviction in state court violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. On October 13, 1977, we granted respondents' motion for summary judgment with respect to all issues raised by petitioner, except his contentions that his right to due process was violated because certain justices of the Michigan Supreme Court were biased against petitioner when they decided not to grant him leave to appeal his conviction, and that he was denied due process at his sentencing hearing because federal authorities told petitioner not to disclose his cooperation with them to his counsel or to the sentencing judge. An evidentiary hearing on the latter ground was scheduled for April 7, 1978. Petitioner appeared on that date and requested an adjournment explaining that he could not obtain the attendance of two essential witnesses. At petitioner's request, the hearing was adjourned to May 19, 1978.

While his Michigan proceeding was pending, petitioner filed a second petition for a writ of habeas corpus in the United States District Court for the Southern District of California. The California petition alleged the same grounds as those pending before this court, but added a contention that petitioner had been promised by federal authorities that he would never serve a day of his state sentence if he cooperated. Despite the prohibition against filing successive petitions for habeas corpus, 28 U.S.C. § 2244(a), and despite petitioner's failure to name any officials of the State of Michigan as respondents in the California petition, the District Court for the Southern District of California held an evidentiary hearing and placed petitioner on bond pending the resolution of the merits of his California petition.[1] Neither the Assistant United States Attorney participating at that hearing nor petitioner's counsel questioned before the court the propriety of releasing petitioner on bond prior to a finding of a

---

1. The transcript of that evidentiary hearing was sealed by the court at petitioner's request. Somehow, the Michigan Attorney General obtained a copy of that transcript and forwarded a copy to this court.

constitutional impediment to his State of Michigan conviction. *Cf. Jago v. U. S. Dist. Ct., N. Dist. of Ohio, E. Div. at Cleveland,* 570 F.2d 618 (6th Cir. 1978).

Prior to the May 19, 1978 hearing, the petitioner forwarded a letter and proposed order for a voluntary dismissal of his Michigan petition. At the April 7, 1978 hearing, and again at the May 19, 1978 hearing, we advised the parties that we questioned petitioner's right to release on bond prior to a finding that his state conviction was constitutionally defective, that we questioned petitioner's right to rely upon representations made by federal prosecutors with respect to a state judgment over which they had no authority, that we questioned petitioner's right to remain under the marshal's protective program in view of the fact that petitioner himself disclosed his undercover identity to Mr. John Swainson's defense counsel, that if petitioner personally requested the conference with Swainson's defense counsel, there would be no justification for continuing him under that program and depriving the State of Michigan of its right to enforce a valid judgment and commitment. Thus, at the May 19, 1978 hearing, we denied petitioner's request for dismissal without prejudice, but we indicated that the court would, if petitioner agreed, dismiss his Michigan petition with prejudice. Petitioner inquired whether dismissal of his Michigan petition would bar his California action. We indicated that this court had no intention of usurping the role of the judge presiding over the matter in California. Following a conference at counsels' table between petitioner and his California and Michigan counsel, petitioner requested that this action be dismissed with prejudice.

We believe that, particularly in light of 28 U.S.C. § 2244(a), petitioner will be collaterally estopped from raising in California the grounds he raised in the petition which we now dismiss. The determination of that issue, however, is for the court in California and the parties may argue it in that forum. Respondents requested that we condition this dismissal on petitioner's agreement that certain of respondents' witnesses may testify by deposition. This matter we also

leave to the court in California to determine. Respondent State of Michigan does not object to the dismissal. We, therefore, will enter a judgment of dismissal with prejudice.

IT IS SO ORDERED.