Luis Carlos ARANGO, a/k/a Carlos Luis Arango, Florida Inmate No. 075042, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent-Appellee.

No. 83–5421.

United States Court of Appeals, Eleventh Circuit.

Sept. 23, 1983.

Sharon B. Jacobs, Chaykin, Karlan & Jacobs, Coral Gables, Fla., for petitioner-appellant.

Penny H. Brill, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RONEY, FAY and ANDERSON, Circuit Judges.

BY THE COURT:

This is an appeal from the denial, 563 F.Supp. 1181, of a petition for writ of habeas corpus filed on behalf of Petitioner, Luis Carlos Arango, pursuant to 28 U.S.C.A. § 2254, which petition asserts six grounds for constitutional error in Arango's conviction for murder and sentence to death.[1]

After this case was scheduled for oral argument, it came to the Court's attention that Petitioner is pursuing in state court other claims attacking .the constitutionality of his conviction and sentence. The Supreme Court of Florida has decided eight of those claims against him.[2] *Arango v. State*

---

**1.** (1) wrongful exclusion of prospective juror who did not make it unmistakably clear he would vote *against* the death penalty regardless of the facts (*Witherspoon*);

(2) the unconstitutional shifting of the burden of persuasion to Petitioner in the trial court's instructions to the sentencing jury on the question of whether mitigating circumstances *out*weighed aggravating circumstances;

(3) wrongful admission of expert testimony introduced to establish that the crime was "especially heinous, atrocious, or cruel";

(4) the imposition of a disproportionate penalty;

(5) the Florida Supreme Court's *ex parte* review of nonrecord information in capital appellants' case (the *Brown* issue); and

(6) his sentence is deprived of legitimacy because of the public's perception of the apparent impropriety of the Florida Supreme Court review of nonrecord information in certain capital cases.

**2.** Petitioner urged that he received ineffective assistance of counsel on direct appeal and, in support, cited nine issues which his counsel failed to raise on appeal. Listed below are the eight issues the court found to be without merit:

(1) denial of Petitioner's motions for mistrial and to voir dire a juror because the judge and juror smiled during Petitioner's testimony;

(2) refusal of judge to permit introduction of newspaper clippings in mitigation showing that murder victim was notorious Mafia figure;

(3) improper consideration of a non-statutory aggravating factor not supported by evidence;

(4) indictment violated sixth amendment and due process clause of the fourteenth amendment by not including aggravating factors to be considered;

(5) the Florida death penalty statute, facially and as applied, violates the fifth, sixth, eighth, and fourteenth amendments by failing to channel jury discretion and by permitting irrelevant factors into the sentencing process by jury and judge;

(6) the death sentence violated the sixth, eighth, and fourteenth amendments in that incorrect jury instructions were given and correct jury instructions were refused;

(7) imposition of the death sentence after Petitioner rejected a plea bargain offer of life imprisonment violated the sixth, eighth, and fourteenth amendments;

(8) Petitioner's due process rights to a fair and impartial jury was violated in that the jury which recommended the death penalty was

and *Arango v. Wainwright,* Case Nos. 63,-562; 63,563, —— So.2d —— (Fla. Sept. 1, 1983). The Florida court remanded the case to the state trial court for an evidentiary hearing on an alleged *Brady* violation.

Prior to the Florida Supreme Court's decision, none of these claims could have properly been considered by a federal court because Petitioner had not exhausted his state remedies. 28 U.S.C.A. §§ 2254(b), (c). The *Brady* claim still pending in the state court could not be presented at this time to the federal court. If the unexhausted claims had been alleged, the district court would have been required to dismiss the petition containing both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Under *Rose,* the Petitioner then could have amended to present only exhausted claims, or returned to the state court for exhaustion prior to bringing the federal petition. The failure to include unexhausted claims could, however, cause the Petitioner to lose the opportunity to litigate in the future the unexhausted claims. 455 U.S. at 520, 102 S.Ct. at 1204.

This Court knows certain things: (1) Petitioner has not waived the claims being asserted in state court; (2) the state court proceeding could potentially moot this federal proceeding; (3) past experience in death cases indicates that if relief is denied in the state court, Petitioner will assert those claims in a successive petition in federal court and will probably incorporate some of the claims here asserted; (4) there is no time within which such a successive petition would have to be filed, so that what is being done on this appeal might require reconsideration on a second petition.

In the interests of judicial economy, this federal proceeding should be held in abeyance until all of the claims Petitioner wants to assert are exhausted and brought before a federal court. In order to avoid the repetition and delays that can occur in these proceedings, the Court enters the following order:

composed of jurors who favored the death penalty and who had already rejected his trial

The judgment of the district court is hereby VACATED and the case is REMANDED to the district court to be held in abeyance until the exhaustion of the claims asserted in the present state proceedings.

The Petitioner is given 10 days after the claims presently pending in state court have been exhausted within which to move to dismiss this case as moot or to amend his petition to include all claims he wishes to raise before the federal courts.

The district court shall expeditiously conduct such proceedings as may be appropriate on these other issues, and supplement its prior order to include a decision on all claims presented not heretofore decided.

Upon the entry of a final judgment in the district court, either party may promptly pursue an appeal to this Court. The appeal shall be expedited. The parties shall file supplemental briefs only, the present briefs to be used on all issues presently pending before this Court.

VACATED AND REMANDED.

defenses as to guilt and formed an unfair and prejudicial mindset.