Ronald JOHNSON, Petitioner,

v.

Warden LUMPKIN, et al., Respondent.

Civ. No. 77-0440-R.

United States District Court,
S.D. Cal.

Feb. 25, 1987.

Frank J. Ragen, San Diego, Cal., for petitioner.

Thomas A. Kulick, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondent.

## MEMORANDUM OF DECISION AND ORDER

RHOADES, District Judge.

### I. BACKGROUND

This case is on remand from the Ninth Circuit Court of Appeals decision *Johnson v. Lumpkin*, 769 F.2d 630 (1985). The issue presented on remand is whether Petitioner Ronald Johnson was deprived of his Sixth Amendment right to effective assistance of counsel.

Johnson was convicted of breaking and entering and larceny in a Michigan state court in 1970. This conviction was affirmed by the Michigan Court of Appeals. The Michigan Supreme Court initially denied Johnson's application to appeal. Three weeks later, in an uncommon reversal, the Michigan Supreme Court, *sua sponte*, permitted Johnson's appeal, reversed his conviction, and ordered a new trial. *People v. Whalen*, 388 Mich. 770 (1972) and *People v. Whalen*, 390 Mich. 672, 213 N.W.2d 116 (1973). This unusual set of circumstances triggered an inquiry by the Federal Bureau of Investigation into the conduct of John Swainson, then an Associate Justice of the Michigan Supreme Court.

Johnson cooperated as an informant for nearly five years with FBI agents in the bribery investigation. This investigation, which relied heavily upon Johnson's participation, resulted in Justice Swainson's conviction and subsequent resignation from the Michigan Supreme Court. *United States v. Swainson*, 548 F.2d 657, 659, 660 (6th Cir.1977). The FBI agents promised

Johnson that he would "serve no time" in prison on the state charges that were pending against him at his 1974 retrial on the breaking and entering and larceny charges. *Johnson v. Lumpkin, supra,* 769 F.2d at 632; *People v. Whalen*, 412 Mich. 166, 168, 312 N.W.2d 638, 639 (1981).[1] The FBI agents ordered Johnson "to tell no one of the agreement, including the attorney who represented him on the state charges and the trial judge." *Id.*

Johnson did not mention this "bargain" with the federal agents to his attorney, the prosecuting attorney, or the trial judge. At his 1974 retrial, rather than serving "no time," Johnson was convicted and sentenced to concurrent terms of: six years, eight months to ten years on the breaking and entering charge, and two years, eight months to four years on the larceny charge. This sentence represented the maximum term of confinement allowed by statute. *See Johnson v. Lumpkin, supra,* 769 F.2d at 632. This judgment was affirmed by the Michigan Court of Appeals. *People v. Whalen*, 65 Mich.App. 687, 238 N.W.2d 376 (1975). The Michigan Supreme Court, although aware that Johnson had been the government's key witness in the action against Justice Swainson, denied Johnson's application for leave to appeal and motion for recusal. *People v. Whalen*, 395 Mich. 827 (1976).

In 1976, Johnson petitioned for a writ of habeas corpus in the federal court for the Eastern District of Michigan. Subsequently, he was transferred to the Metropolitan Correctional Center in San Diego, California. *Whalen v. Johnson*, 452 F.Supp. 556 (E.D.Mich.1978). While the Michigan petition was still pending, Johnson petitioned in the Southern District of California for a writ of habeas corpus under 28 U.S.C. § 2254. *Johnson v. Lumpkin, supra,* 769 F.2d at 635. Johnson then dismissed his petition in the Michigan district court. His California district court petition first was dismissed, the dismissal then vacated and all proceedings stayed, and Johnson was

---

**1.** Johnson's given name is Whalen. He assumed the name Ronald Johnson as a result of his participation in the FBI's Witness Protection Program.

directed to pursue his still unexhausted Michigan state remedies.

When Johnson returned to the Michigan trial courts, a judge who had not been involved in any of the earlier proceedings modified Johnson's former prison sentence to a term of five years probation. The court found that the promises of the federal agents ought to be honored as a matter of "simple justice." The Michigan Court of Appeals agreed. Once again the prosecution appealed. Johnson made another motion for recusal at the Michigan Supreme Court level. This motion was denied; the Michigan Supreme Court reversed the lower courts' decision and reinstated Johnson's ten year prison sentence. *People v. Whalen, supra,* 412 Mich. 166, 312 N.W.2d 638.

Following review by the Michigan State Courts, Johnson successfully moved to reopen proceedings in the Southern District of California. The court decided two issues: whether Johnson had been denied due process of law when federal agents failed to keep their promises that Petitioner would serve no time on state charges, and second, whether he was denied due process of law when the Michigan Supreme Court denied his application for leave to appeal and motion for recusal in 1976. In an order filed June 25, 1984, the court denied his petition. The question of whether Petitioner had been denied his Sixth Amendment right to effective counsel was not before the court and hence not decided. The Ninth Circuit Court of Appeals, affirming in part, and reversing in part, remanded the Sixth Amendment right to effective assistance of counsel issue.

## II. DISCUSSION

### A. *Exhaustion of State Remedies*

■ "The issues presented by Johnson's petition are novel, even unique...." *Johnson v. Lumpkin, supra,* 769 F.2d at 638. Whether Johnson received effective

assistance of counsel at his 1974 retrial and resentencing presents a serious and perplexing question. While this court has reviewed the underlying facts and applicable case law submitted relating to the Sixth Amendment issue of effective counsel,[2] it cannot decide this issue at this time. A careful review of Johnson's federal claims for relief reveals that while Johnson asserted his effective assistance of counsel claim in his federal petitions, neither the Michigan nor California district courts have conducted a hearing or independent review of the state court record. Therefore, the issue has not been decided on the merits in the federal courts. *Johnson v. Lumpkin, supra,* 769 F.2d at 637. Likewise, Johnson has not sufficiently presented this particular issue to the Michigan state courts. Since Johnson has failed to exhaust his state remedies, the Sixth Amendment right to effective assistance of counsel question is not properly before this court. *Johnson v. Lumpkin, supra,* 769 F.2d 630; *People v. Whalen,* 388 Mich. 770 (1972); *People v. Whalen* 390 Mich. 672, 213 N.W.2d 116; *People v. Whalen, supra,* 65 Mich.App. 687, 238 N.W.2d 376; *People v. Whalen, supra,* 395 Mich. 827; *Whalen v. Johnson,* 438 F.Supp. 1198 (E.D.Mich.1977), *dism. Whalen v. Johnson,* 452 F.Supp. 556; *People v. Whalen, supra,* 412 Mich. 166, 312 N.W. 638.

■ It has been settled since *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. *See, e.g., Nelson v. George,* 399 U.S. 224, 229, 90 S.Ct. 1963, 1996, 26 L.Ed.2d 578 (1970); *Irvin v. Dowd,* 359 U.S. 394, 404, 405, 79 S.Ct. 825, 831, 832, 3 L.Ed.2d 900 (1959); *Ex Parte Hawk,* 321 U.S. 114 (1944). The exhaustion of state remedies doctrine, now codified in the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), reflects a

---

**2.** *See, e.g., United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *United States v. Conway,* 632 F.2d 641 (5th Cir.1980); *United States v. Allen,* 542 F.2d 630 (4th Cir.1976); *Commonwealth v. Manning,* 373 Mass. 438, 367 N.E.2d 635 (1977); *Gallarelli v. United States,* 441 F.2d 1402 (3rd Cir.1971); *Dillon v. Duckworth,* 751 F.2d 895 (7th Cir.1984).

policy of federal-state comity. *Fay v. Noia,* 372 U.S. 391, 419, 420, 83 S.Ct. 822, 838, 839, 9 L.Ed.2d 837 (1963); *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). It is "an accommodation of our federal system designed to give the State the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408–09, 30 L.Ed.2d 418 (1971). Courts have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). It follows of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See e.g., Roberts v. LaVallee,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 437, 97 L.Ed. 469 (1953).

We emphasize that the federal claim must be fairly presented to the state courts.... [I]t is not sufficient merely that the federal habeas applicant has been through the state courts.... Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. (citations omitted).

*Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In this case, Johnson must now return to the Michigan state courts for a determination of whether the conduct of federal agents, in the context of this case, interfered with his Sixth Amendment right to effective assistance of counsel. If Johnson's claim is rejected by the highest Michigan state court, he may then return to the federal court.[3]

■ While the Ninth Circuit did not define the issue "in detail," the court did outline some of the relevant lines of inquiry. *Johnson v. Lumpkin, supra,* 769 F.2d at 638. First, the Michigan courts must inquire "whether Johnson can bear the burden of showing that the conduct of the agents produced circumstances in which 'the likelihood that any lawyer, even a fully competent one, could provide effective assistance of counsel [was] so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.'" *Id., quoting United States v. Cronic,* 466 U.S. 648, 659–660, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). *See also Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ("Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to

---

**3.** Although Petitioner raised the Sixth Amendment right to effective assistance of counsel issue in his petition for writ of habeas corpus filed in the federal district court in Michigan, the court declined to fully consider this question and instead ordered a further development of the record to determine whether: (1) the FBI agents had insisted that Petitioner not tell his attorney of his cooperation with them, and, (2) whether Petitioner's reliance on their orders was justified.

As previously discussed, this petition was then dismissed at petitioner's request when he was transferred to the Metropolitan Correctional Center in San Diego, California, *Whalen v. Johnson, supra,* 452 F.Supp. 556. When the Michigan District Court dismissed the petition, it suggested that under 28 U.S.C. § 2244(a), Petitioner might be collaterally estopped from having his Sixth Amendment right to effective assistance of counsel issue decided by the California federal court. The California District Court, however, rejected this suggestion, and the Ninth Circuit affirmed by stating that the doctrines of res judicata and collateral estoppel are not "... applicable in habeas proceedings." *Johnson v. Lumpkin,* 769 F.2d at 636 n. 16; *citing Hardwick v. Doolittle,* 558 F.2d 292, 295 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed 2d 801 (1978).

Although the doctrine of collateral estoppel does not preclude this court from deciding Petitioner's constitutional rights, the exhaustion of state remedies doctrine prevents a consideration of his Sixth Amendment right to effective counsel claim at this time.

make independent decisions about how to conduct the defense.'').

In the event there is no showing of these extreme circumstances, then the courts must inquire "whether, from whatever cause, 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Johnson v. Lumpkin, supra,* 769 F.2d at 638, *quoting Strickland v. Washington,* 466 U.S. at 686, 104 S.Ct. at 2064.

The inquiry is dependent upon the factual context of defendant's trial and sentencing. *Johnson v. Lumpkin,* 769 F.2d at 638. Therefore, the Michigan courts must develop an adequate record as to whether Johnson justifiably relied on the agents' promises to his detriment. *Johnson v. Lumpkin, supra,* 769 F.2d at 633 n. 7, 634 and n. 12.

In addition, the Ninth Circuit has stated that "where constitutional or statutory safeguards are surrendered in exchange for an unauthorized promise of immunity, the promise—however unauthorized—may still provide a defense to prosecution." *Id.* at 634 n. 8, *citing Hunter v. United States,* 405 F.2d 1187, 1188 (9th Cir.1969). The Michigan courts, therefore, should specifically inquire as to whether, in light of his asserted right to effective assistance of counsel, Johnson's cooperation with the federal agents cost him "constitutional or statutory rights." *Id.*

B. *Retention of Jurisdiction*

 Generally when habeas petitioners have failed to exhaust the available state postconviction remedies, their actions are dismissed by the federal court, thereby forcing the petitioners "to completely begin their quest for relief anew." *Grace v. Butterworth,* 635 F.2d 1, 10 (1st Cir.1980), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3053, 69 L.Ed.2d 421, (1st Cir.1980). There is an exception to this rule, however, when "special circumstances" would make an outright dismissal inappropriate. Such special circumstances are present in this case. Therefore, this court's retention of jurisdic-

tion while Johnson pursues his state remedies is warranted. *See, e.g., Nelson v. George,* 399 U.S. 224, 90 S.Ct. 126, 26 L.Ed.2d 578 (1970); *Wade v. Wilson,* 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970); *Smith v. Wyrick, supra,* 558 F.Supp 600.

The Michigan Attorney General's Office has advised the court that in the event the federal case is dismissed, and Johnson's federal bond revoked, the State of Michigan would require that Johnson surrender himself in Michigan and continue to serve his Michigan prison term. Given that this imprisonment is precisely what is being attacked in Johnson's habeas petition, and that he has raised serious questions about the preservation of his Sixth Amendment right to effective assistance of counsel in the conduct of his defense, such a result would be untenable. Simple justice requires that Johnson remain on bond while he pursues the exhaustion of his state remedies.

Moreover, the record indicates that Johnson has been free on bond since 1977. In that time, the court has received no reports of any alleged violations by Johnson of the terms of his bond. The court therefore will exercise its discretion and order that this habeas action be retained on its docket and Johnson's federal bond remain in force while he pursues his state remedies. *Grace v. Butterworth, supra,* 635 F.2d at pp. 10–11; *Smith v. Wyrick,* 558 F.Supp. 600. (W.D.Mo.1983).

III. SUMMARY

Accordingly, due to the unusual nature of Johnson's many and complicated requests for relief, and in the interests of judicial economy, this court will hold this petition for writ of habeas corpus in abeyance, thereby retaining jurisdiction, pending the Michigan state courts' decision on the merits of Johnson's Sixth Amendment right to effective counsel claim. *Arango v. Wainwright,* 716 F.2d 1353, 1355 (11th Cir. 1983). Johnson shall remain on bond pending the resolution of this matter in the Michigan state courts. The parties are di-

rected to cooperate to present the matter forthwith to the Michigan state courts and to keep this Court advised as to their progress. *Grace v. Butterworth, supra,* 635 F.2d at 11.

IT IS SO ORDERED.