816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ranzle Lee GOODLET, Petitioner-Appellant,
v.
John REES and Attorney General of Kentucky, Respondent-Appellees.
 No. 86-6123.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. After an examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner was convicted by a jury in the Fayette Circuit Court in Lexington, Kentucky of two counts of forgery and two counts of being a persistent felony offender. He received two concurrent twenty year sentences. The Kentucky Supreme Court affirmed the convictions. The petitioner has exhausted his state remedies.
 
 
 3
 The petition alleges that the prosecution violated a promise made by a police officer prior to trial and that the identification procedures used in this case were impermissibly suggestive. Concerning the first issue, the state court was correct to hold that the police officer's promise cannot bind the prosecution in the absence of a waiver of constitutional rights. Hunter v. United States, 405 F.2d 1187, 1188 (9th Cir. 1969); see also United States v. Weiss, 599 F.2d 730, 735 (5th Cir. 1979) (citing Hunter). Because the petitioner did not enter a guilty plea in this case, the prosecution was not bound by the promise of the police officer. Additionally, the district court was correct to hold that a federal district court cannot order the dismissal of criminal charges as a remedy to a broken promise by the police or prosecutor. Santobello v. New York, 404 U.S. 257, 263 (1971); McPherson v. Barksdale, 640 F.2d 780, 781 (6th Cir. 1981). The state trial court did grant a remedy in the form of excluding the officer's testimony from trial. This remedy was a proper exercise of the state trial court's discretion.
 
 
 4
 Concerning the identification issue, the findings of fact of the state appellate court are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Sumner v. Mata, 449 U.S. 539, 546-50 (1981). Here the Kentucky Supreme Court found that the witness observed the petitioner for approximately five minutes, that the witness's degree of attention was suitable, and that the petitioner was dressed uniquely as a painter. Although the witness was not one hundred percent certain that he could identify the petitioner from an old mug shot, the petitioner was the only person in the photographic array mentioned by the witness. When the witness saw the petitioner at a preliminary hearing, his identification was positive. Given these facts, the district court concluded that under the totality of the circumstances the identification was reliable. Neil v. Biggers, 409 U.S. 188, 199 (1972). We agree with the conclusion of the district court.
 
 
 5
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.